**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 22-80022-CR-CANNON**

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

**DANIEL CARVER et al**.,

Defendant.
______________________________________/

**ORDER GRANTING GOVERNMENT'S MOTION TO COMPEL [ECF No. 385] and ADDRESSING MOTIONS *IN LIMINE***

**THIS CAUSE** comes before the Court following a Motion Hearing held on May 18, 2023 [ECF No. 574], during which the Court heard argument on the Government's Motion to Compel Disclosure of, and Discovery Regarding, Any Advice of Counsel Defense [ECF No. 385] and the parties' Motions *In Limine* [ECF Nos. 389, 528, 529].[1] Following review, and for the reasons stated in open court, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Government's Motion to Compel Disclosure of, and Discovery Regarding, Any Advice of Counsel Defense [ECF No. 385] is **GRANTED IN PART**.

    a. On or before **June 5, 2023**,[2] each Defendant shall file a notice indicating whether he intends to rely on an advice of counsel defense at trial and shall: (1) identify the

---

[1] The Court denied the Government's Omnibus Motion in Limine [ECF No. 389] without prejudice after trial in this matter was continued and permitted the parties an opportunity to re-file their motions in limine [ECF No. 499]. However, the Court considered the arguments made in the Government's Omnibus Motion in Limine [ECF No. 389] as incorporated in the Government's Supplemental Motion in Limine [ECF No. 528 p. 1].

[2] As stated at the hearing, Defendant Daniel Carver will be permitted until **June 6, 2023,** to file his notice.

attorneys who purportedly provided such advice; and (2) waive privilege over, and produce to the Government, all communications he had with those attorneys.

b. Defendants should make clear in their Notice whether they intend to rely on any documents in the possession of the Special Matters Unit (SMU) in support of any asserted advice of counsel defense, and if so, identify to the Government the documents on which they intend to rely.

c. **Failure to comply with this Order will bar a Defendant from raising the defense before the jury.**

2. The Government's *ore tenus* motion for expedited subpoenas related to any advice of counsel defense is **GRANTED**.

   a. The Government shall be permitted to issue subpoenas with expedited return dates (within 14 days) to facilitate and streamline any investigation of the advice of counsel defense.

3. Accompanying the Government's exhibit list (due **May 22, 2023**), the Government shall provide Defendants with copies of all exhibits listed. Defendants shall similarly provide copies of any exhibits listed on their exhibit lists (due **June 12, 2023**) to the Government.

4. Defendants' Combined Motion *In Limine* [ECF No. 529] is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. Defendants' request to limit the testimony of the Government's Medicare expert, Mr. Stephen Quindoza [ECF No. 529 pp. 4–6], is **DENIED**.[3] Defendants raised no challenge to Mr. Quindoza's qualifications; he was properly noticed as an expert

[3] Defendants' previous request to limit the testimony of Ms. Laurie McMillan [ECF No. 529 pp. 4–6] is **DENIED AS MOOT** in light of the Government's representation that it no longer plans to call Ms. McMillan as a witness in this matter.

witness [ECF No. 349]; and the Court finds the anticipated testimony, as proffered and limited by the Government at the hearing, to be appropriate expert testimony.

b. Defendants' request to limit the testimony of the Government's medical expert, Dr. Rajat Deo [ECF No. 529 pp. 6–9], is **DENIED**.[4] Based on the proffer provided by the Government at the hearing, the Court disagrees with Defendants' position that Dr. Deo's testimony would operate as a substitute for a primary care provider (PCP)'s independent medical judgment or otherwise cause juror confusion in violation of Federal Rule of Evidence 403. Defendants are not precluded from presenting evidence of the PCPs on what they consider to be medically necessary.[5] Any additional challenge Defendants have to Dr. Deo's conclusions can be explored through cross-examination.

c. Defendants seek to limit the testimony of Mary Lee Robinson, the Government's summary witness regarding financial documentation [ECF No. 529 pp. 10–11].[6] Based on the Government's proffer of Ms. Robinson's testimony and Defendants' non-objection to Ms. Robinson's testimony insofar as it stays limited to summarizing financial information and tracing Medicare funds, Defendants' request is **DENIED**. The Government is instructed to ensure that Ms. Robinson's

[4] The Defendants' request to similarly limit the testimony of Dr. Anthony Magliocco [ECF No. 529 pp. 9–10] is **DENIED AS MOOT** in light of the Government's representation that it no longer plans to call Dr. Magliocco as a witness in this matter.

[5] The Government, at the hearing, agreed to identify, through its exhibit list due May 22, 2023, the particular beneficiaries Dr. Deo planned to rely on in his testimony. Any deficiencies in that identification can be raised through a properly filed motion.

[6] The Government initially noticed Michael Petron as its witness on the financial summary issue [ECF No. 349] but represented at the hearing that Ms. Robinson will testify in Mr. Petron's place to accommodate a scheduling issue.

testimony stays within the bounds of summary witness testimony. Any particularized objections to Ms. Robinson's testimony may be raised at trial.

d. Defendants' request to limit the testimony of primary care providers called by the Government [ECF No. 529 p. 11] is **DENIED**. The Government noticed its intent to call 3–5 PCPs as fact witnesses, and Defendants provide no basis from which the Court can conclude that the testimony of the PCPs would go beyond appropriate fact witness testimony. On or before **May 30, 2023**, the Government must supply Defendants with any particular statements or interview reports connected with the 3–5 PCPs the Government intends to call as witnesses at trial.[7]

e. Defendants' request to prohibit any mention of the Court's prior acceptance of guilty pleas by the five co-defendants who have pled guilty [ECF No. 529 pp. 11–13] is **DENIED**. The Government represented at the hearing that it would not question any of the witnesses about whether the judge presiding over the trial was the same judge who accepted the party's guilty plea. The co-defendants' guilty pleas may not be used as substantive evidence of Defendants' guilt.

f. Defendants ask the Court to prohibit evidence of patient and doctor complaints submitted to the Medicare healthcare fraud hotline [ECF No. 529 p. 14]. This request is **DENIED**. The parties agree that any hotline complaints must be properly admitted under the Rules of Evidence. The Court will not permit the introduction of any complaints that are unrelated to the factual circumstances of the case. If Defendants are concerned that the Government has not sufficiently connected a

[7] The Government noted that they have previously supplied the Defendants with the witnesses' interview reports. In its May 30 submission, the Government shall indicate what has been provided to Defendants and any follow up that is yet to be disclosed.

complaint to the scheme charged in the Indictment, that concern can be addressed in the context of trial and related objections.

g. Defendants' request to prohibit the Government from introducing evidence of firearms or drugs found in the DMC offices [ECF No. 529 pp. 14–15] is **DENIED AS MOOT** in light of the Government's response that it does not intend to introduce any such evidence at trial [ECF No. 544 p. 15].

h. Defendants also seek to exclude a photograph showing Defendant Gosney with "stacks of cash" [ECF No. 529 p. 15]. At the hearing, the Government stated that it no longer plans to seek admission of the photograph in question. Defendants' request is accordingly **DENIED AS MOOT**.

i. The Court **GRANTS** Defendants' request, brought under Rule 403, to prohibit the Government from using the term "boiler room" to refer to the DMC call center in closing arguments [ECF No. 529 pp. 15–16].

j. Defendants seek to preclude the Government from introducing a video showing Defendant Daniel Carver "discussing cash, watches, and using profanity" [ECF No. 529 p. 16]. The Court reserves a ruling on this issue pending closer review of the video during calendar call. Prior to calendar call, the parties are to confer and discuss a potential resolution of this matter, including through the use of appropriate redactions of inappropriate/irrelevant commentary in the video. As a general matter, however, the Government has adequately explained the relevance of at least certain portions of the video to Defendant Carver's intent—a central issue in this case.

k. Defendants' request to exclude evidence of "alleged guns, alleged gun violence, and alleged shootings" [ECF No. 529 pp. 16–17] is **GRANTED**. There should be

no reference to guns or gun violence during the trial. If any party should seek to introduce such evidence, they must alert the Court in advance and proffer a basis for the admission of such evidence.

l. The request by Defendants to preclude testimony by Government witnesses about Defendants' states of mind [ECF No. 529 pp. 17–19] is **DENIED AS MOOT** in light of the Government's response that it does not plan to elicit any such testimony at trial [ECF No. 544 p. 19].

m. Defendant Carver's request to preclude the mention of his father's alleged affiliation with organized crime is **GRANTED**.

5. The Government's Omnibus Motion *in Limine* [ECF No. 389] is **GRANTED IN PART AND DENIED AS MOOT IN PART** as follows:

a. The Government asks the Court to preclude any evidence or argument that blames Medicare [ECF No. 389 pp. 2–5]. That request is **GRANTED**. Any discussion of negligence on the part of insurers or Medicare is precluded, as is evidence suggesting Medicare failed to adequately prevent purported fraud or was negligent in paying claims. This ruling does not prevent Defendants from addressing the payment of claims by Medicare in support of any purported belief that the claims were valid.

b. The Government's request that the Court preclude Defendants from introducing specific acts of "good conduct" [ECF No. 389 pp. 5–8] is **GRANTED IN PART**. The Court will not permit Defendants to introduce any wholly irrelevant acts of good conduct; however, the Court will not exclude any relevant conduct used to rebut evidence of the charged scheme.

c. The Government also requests that the Court prohibit Defendants from introducing any self-serving out-of-court statements [ECF No. 389 pp. 8–9]. This request is **GRANTED** as a general matter consistent with the Rules of Evidence, but the parties shall confer substantively about any objections to specific exhibits/testimony prior to Calendar Call and come prepared to discuss any unresolved objections to such statements/exhibits.

d. The Government's request to prohibit Defendants from impeaching witnesses with agents' interview reports [ECF No. 389 pp. 9–11] is **DENIED AS MOOT**. There is no disagreement between the parties about the legal requirements for the use of the agents' interview reports.

e. The Government requests that the Court prohibit Defendants from raising any arguments about the Government's decision not to call a particular witness at trial [ECF No. 389 p. 11]. The Court defers ruling on this issue, subject to development of the trial record.

f. The Government further requests that the Court exclude any reference to "collateral consequences of a conviction, uncharged co-conspirators, government charging decisions, or government overreach" [ECF No. 529 pp. 11–13]. This request is **GRANTED** as it relates to any arguments related to collateral consequences Defendants may suffer if convicted. Arguments in that vein facilitate jury nullification and are improper. The request is **DENIED AS MOOT**, however, as it relates to any arguments regarding un-indicted co-conspirators given Defendants' representations that they do not intend to make any such arguments at trial.

g. The Government's request to preclude evidence regarding the volume or nature of discovery in this matter [ECF No. 529 p. 13] is **DENIED AS MOOT** in light of

Defendants' representations that they do not intend to raise such argument at trial. This ruling does not preclude Defendants from questioning agents or government witnesses about their conduct in the investigation.

h. The Government asks the Court to ensure that a factual predicate is established prior to any Defendant asserting a safe harbor or legal exception to the Anti-Kickback Statute [ECF No. 529 p. 14]. This request is **GRANTED**. All Defendants acknowledge that, prior to asserting such a safe harbor defense, they are required to establish a factual predicate. To ensure an efficient trial and resolution of this issue, the Court will set a deadline of **June 12, 2023**, by which Defendants must file a notice stating their intention to pursue a safe harbor defense to the Anti-Kickback Statute.

i. The Court reserves a ruling on the Government's request that the Court exclude evidence or argument of good faith reliance on legal advice [ECF No. 389 pp. 14–17]. A decision on this issue is premature pending further developments on Defendants' potential assertion of an advice-of-counsel defense. The parties should be prepared to discuss this request in detail at calendar call.

j. The Government's request to preclude Defendants from calling an attorney or expert witness to opine on the legality of their health care practices [ECF No. 389 pp. 17–18] is **DENIED AS MOOT** based on the representations made during the hearing and the absence of any expert notices in this regard.

6. The Government's Supplemental Omnibus Motion in Limine [ECF No. 528] is **GRANTED IN PART**.

a. The Government asks the Court to admit into evidence the felon status of Defendants Dougherty, Daniel Carver, and Gosney Jr. [ECF No. 528 pp. 14–16].

This request is **GRANTED**. The Court agrees that Defendants' felon status is intrinsic to the conspiracy and to those Defendants' intent as charged in the Superseding Indictment [*see* ECF No. 577 pp. 13, 15, 18]. As discussed during the hearing, however, the Government is cautioned not to introduce any evidence about the nature of Defendants' convictions, the number of such convictions, or the factual basis underlying those convictions. Defendants can raise any objections to specific evidence in the context of trial.

b. The request by the Government that it be permitted to introduce alleged actions of concealment by Gosney regarding his ownership of Nero and Trinity during the conspiracy period [ECF No. 528 p. 17] is **GRANTED**. The Court agrees with the Government that the acts of concealment, as proffered by the Government, are sufficiently probative of Gosney's knowledge and intent sufficient to satisfy the requirements of Federal Rule of Evidence 404(b).

c. The Court reserves a ruling on the Government's request to admit into evidence acts by Defendant Daniel Carver to allegedly conceal his ownership in DM Data prior to the conspiracy [ECF No. 528 p. 18]. The Court cannot make a ruling on this issue without viewing the evidence to be introduced in the full context of trial. It is incumbent on the Government to re-raise this issue at trial, should it seek to use evidence of these alleged actions.

d. On the Government's request to admit evidence of Defendant Goyos' recruitment to the charged scheme [ECF No. 528 pp. 16–17], the Court also reserves ruling. On or before **May 30, 2023**, the Government shall file a supplement to its Notice of Intent to Introduce Inextricably Intertwined Evidence or 404(b) Evidence [ECF No. 388] describing the specific evidence it intends to introduce as it relates to

Defendant Goyos' felon status and his recruitment by Defendant Daniel Carver. Defendant Goyos will have **ten days** following receipt of the Government's supplement to file a response. The Court is inclined to allow the evidence based on the proffer provided by the Government at the hearing. The Government's request to introduce GPS records from Defendant Goyos' home confinement is **DENIED AS MOOT**. Defendant Goyos does not dispute that he worked at the Broad Street offices [ECF No. 332 ¶ 10], and the Government stated it no longer intends to introduce the GPS evidence.

e. The Government also requests that the Court preclude impeachment of witnesses through certain prior convictions [ECF No. 528 pp. 18–21]. This request is **DENIED AS MOOT** given the representations that all parties intend to follow the Federal Rules of Evidence for impeachment.

7. Calendar Call remains scheduled for **June 27, 2023, 1:45 P.M.** in the Fort Pierce Division. The parties should be prepared to discuss any substantive evidentiary objections in detail.

8. **The parties shall bring copies of all proposed and marked exhibits to calendar call.**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 31st day of May 2023.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record