UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80022-CANNON/REINHART

UNITED STATES OF AMERICA,

v.

JOHN PAUL GOSNEY, JR., et al.
_____/

**GOSNEY'S APPEAL AND OBJECTIONS TO
REPORT AND RECOMMENDATION [DE#762]**

John Paul Gosney, Jr., through counsel, hereby files his objections to the Magistrate's Report and Recommendation, DE#762, regarding the government's Motion to Preclude Introduction of Evidence or Argument Related to Defendants' Advice-Of-Counsel Defenses, or in the Alternative, for an Order Directing Defendants to Execute Forthwith Proper Waivers, DE#589. In support, Gosney states as follows:

  I.   **Gosney Objects to a "Subject Matter Waiver."**

This Court ordered the Defendants to provide notice to the government if they intend to rely on an advice-of-counsel defense at trial and, if so: "(1) to identify the attorneys who purportedly provided such advice; and (2) [to] waive privilege over, and produce to the Government, all communications he had with *those attorneys*." DE#579:1-2 (emphasis added). Gosney explicitly complied with the Court's order, noticing his intent to rely on advice provided by attorneys Robyn Sztyndor and Keith

Fousek at trial. DE#582. Gosney's notice did not include Aaron Cohen or Paul Molle because Gosney does not intend to rely on legal advice provided by either attorney at trial. As Gosney stated in his response, "Gosney . . . [is] not relying on any advice [from Cohen or Molle] regarding the *legality* of [his] conduct, and did not seek such advice from them." DE#616:4.

The government, and the Magistrate's Order, DE#762:4, rely on *United States v. Jensen*, 573 F. App'x 863 (11th Cir. 2014), in support of a subject matter waiver of privilege when a defendant asserts advice of counsel as a defense. The government claims that *Jensen* "requires a waiver of *all* attorney client communications related to the *subject matter* that defendants purportedly received advice on, rather than a waiver of communications with specific attorneys on specific matters." DE#589:2 (emphasis in original). But *Jensen* does not explicitly go this far. *Id.* at 870 ("By claiming that [he] lacked intent to defraud because attorneys told him that [the disputed] transactions were legal, [defendant] waived the attorney-client privilege with respect to communications with counsel concerning [their] legality.").

The Magistrate Judge further relies on *Akowskey v. Nationstar Mortg., LLC*, No. 21-14487, 2023 WL 112061 (S.D. Fla. Jan. 5, 2023). In *Akowskey*, the court stated that "[w]hen a party asserts an advice of counsel defense, the party waives the

attorney-client privilege as to the subject matter of that advice." *Id.* at \*3. But *Akowskey* cites *Cox v. Adm'r United States Steel*, 17 F.3d 1386, 1417–21 (11th Cir. 1994), which addresses whether the advice of counsel defense results in a waiver by implication. In *Cox*, a civil case,[1] the court was concerned about a party using the

---

[1] Civil cases and criminal prosecutions "proceed in a very different manner." As stated by one court, albeit in the context of early disclosure of an advice-of-counsel defense and not related to waiver of privilege:

> Moreover, civil lawsuits and criminal prosecutions proceed in a very different manner. These differences are the product of the historical development of the American civil and criminal justice systems and their English common law antecedents, as well as the protections afforded criminal defendants by the United States Constitution.
>
> Had this case had been brought civilly, as it undoubtedly could have been,1 the Government would have broad access to a wide array of procedural and discovery tools. In a civil case, for example, litigants have a right to discover "any nonprivileged matter that is relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1). A civil defendant, more to the point, must raise an affirmative defense in his answer, or else the defense can be deemed waived. *See, e.g.*, Fed. R. Civ. P. 8(c)(1).
>
> But this case is quite obviously not a civil case, and criminal defendants do not plead an "answer" to indictments. Even if the advice of counsel defense were a waivable "affirmative defense," as the Government suggests, the concept of waivable defenses is a creature of civil procedure. In any event, the Court is inclined to believe an advice of counsel defense is not an "affirmative defense" in the criminal context. Rather, an advice of counsel defense merely negates an element of criminal fraud—i.e. "unlawful intent." *United States v. Scully*, 877 F.3d 464 (2d Cir. 2017); *United States v. Greenspan*, 923 F.3d 138, 147 (3d Cir. 2018) (same).

3

privilege as both a sword and a shield. *See, e.g.*, *Cox*, 17 F.3d at 1417("[A] defendant may not use the [attorney-client] privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.").

Gosney is not using communications with attorneys Sztyndor and Fousek as both a sword and a shield, as the government suggests. Gosney waived privilege over *all* communications he had with Sztyndor and Fousek. DE#582:1 ("Gosney waives privilege over all communications he had with attorneys Sztyndor and Fousek."). *See* DE#616 (Defendants' Joint Response to Government's Motion to Preclude"). Gosney has thus complied with this Court's ruling regarding waiver.

*United States v. Charlemegne*, No. 8:15-cr-462, 2016 WL 11678620, at *2 (M.D. Fla. Sept. 2, 2016), is also inapposite. In *Charlemegne*, the Court held that defendant could not disclose selected attorney-client communications with an attorney, M.S., while also "invoking the attorney-client privilege with respect to

---

> Nevertheless, despite this not being a civil action, the Government's argument relies heavily, almost exclusively, on civil cases. [See Doc. 134 at 3–4]. It should go without saying that those cases are inapposite. Because the Government has elected to prosecute this case criminally, it has put Defendants' liberty interests at stake. Doing so implicates a whole host of constitutional concerns that are nonexistent in the civil context.

*United States v. Wilkerson*, 388 F. Supp. 3d 969, 972–73 (E.D. Tenn. 2019).

other attorney-client communications on the same subject matter." *Charlemegne*, 2016 WL 11678620, at *2. The *Charlemegne* court did not directly address attorneys other than M.S., who was the only attorney at issue in the opinion. The Defendant was not permitted to use advice from his prior attorney, M.S., as a sword, and also shield the government from reviewing the substance of the advice. *Id.* At issue was the scope of advice that M.S. provided, and any advice M.S. provided within that scope had to be disclosed. Here, Gosney has already waived privilege over *all* communications with attorneys Sztyndor and Fousek, regardless of scope.

For these reasons, Gosney objects to the finding in the Report and Recommendation that "the waiver associated with the advice-of-counsel defense applies to the subject matter of the advice relied upon and not merely to the specific attorney relied upon," DE#762:4, and urges this Court to deny the government's motion.

## II. <u>In the Alternative, Gosney Chooses Option B.</u>

The Magistrate Judge ordered Gosney to choose Option A[2] or Option B[3] "within the time frame set forth for objections to this Report and Recommendation."

---

[2] "Maintain all current objections and forego the advice-of-counsel defense at trial." DE#762:9.

[3] "Pursue the advice-of-counsel defense at trial, in which case Defendants Dougherty and Gosney shall be deemed to have waived the attorney-client and work product

5

DE#762:9-10. Without waiving the above objection, but to comply with the Magistrate's Order, if the Court affirms the Magistrate's order over Gosney's objection, Gosney chooses Option B: to "[p]ursue the advice-of-counsel defense at trial."

Additionally, if this Court affirms the Magistrate's order over Gosney's objection, Gosney requests that the Court order Gosney's counsel be notified and provided an opportunity to be present at any government debriefing of attorney Aaron Cohen. There are attorney-client privileged matters outside the scope of the subject matter of the advice-of-counsel defense in the possession of attorney Cohen, and Gosney should retain the right to object to disclosure of such matters outside the scope of the "subject matter." In addition, any documents obtained in response to a subpoena issued from the government should first go through the Filter Team, and then to Gosney for an opportunity to object, before the prosecution team may review said documents.

---

privileges over all communications and documents with or by any attorneys pertaining to the Subject Matter. This includes all documents the Court has found to fall within the Subject Matter in Section II.B above, which (if Defendants choose Option B) should be produced immediately to the Government and to any Co-Defendants who have not yet had access to these documents due to privilege claims." DE#762:9-10.

To the extent the Court would find it helpful, Gosney's counsel would present oral argument and answer any questions posed by the Court.

Respectfully submitted,

**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131 / Tel. (305) 371-6421
*Counsel of Record for John Paul Gosney, Jr.*

/s/ *Alyssa Silvaggi*
**ALYSSA SILVAGGI, ESQ.**
Florida Bar No. 114129
E-mail: ASilvaggi@RoyBlack.com

*/s/ Edward Armellino*
**EDWARD ARMELLINO, ESQ.**
Florida Bar No. 114904
E-mail: EArmellino@RoyBlack.com