UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80022-CANNON/REINHART

UNITED STATES OF AMERICA

vs.

THOMAS DOUGHERTY,
JOHN PAUL GOSNEY JR., and
JOSE GOYOS,

        **Defendants**.
_____/

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT GOSNEY'S APPEAL AND OBJECTIONS TO REPORT AND RECOMMENDATION [DE #762]

The Court should adopt the Report and Recommendation [ECF No. 762] of the Magistrate Judge and order that Defendants Thomas Dougherty and John Paul Gosney Jr.'s advice-of-counsel defense results in a waiver "to the *subject matter* of the advice relied upon and not merely to the *specific attorney* relied upon." [ECF No. 762 at 4.]  In this case, the subject matter of the legal advice at issue is the "Defendants' compliance with healthcare laws, rules, and regulations in the running of the business operations described in the Superseding Indictment." *Id*. at 5.

The Magistrate Court's order relied on a raft of cases in support of its holding that a party who asserts an advice-of-counsel defense must waive privilege over all communications related to the subject matter of that advice.  [ECF No. 762 at 4–5 (citing *Akowskey v. Nationstar Mortg., LLC*, 2023 U.S. Dist. LEXIS 2007 at *7; 2023 WL 112061 (S.D. Fla. Jan 5. 2023) (*Maynard*, M.J.); *United States v. Jensen*, 573 F. App'x 863, 870 (11th Cir. 2014); *United States v. Charlemagne*, No. 8:15-cr-462, 2016 WL 11678620, at *2 (M.D. Fla. Sept. 2, 2016) (emphasis added); *Beneficial Franchise Co., Inc. v. Bank One, N.A.*, No. 00C2441, 2001 WL 492479, at *4 (N.D. Ill. May 8, 2001).]  The holding is sound and consistent with other district court holdings in

the circuit. *See Immuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 564 (S.D. Fla. 2001) (*Moore*, J.) ("[I]n the interest of fairness, courts have been careful not to allow parties to introduce evidence of attorney-client communications favorable to the advice of counsel defense, while asserting the privilege with respect to communications that may be unfavorable to the defense."); *United States v. Bachynsky*, 2007 U.S. Dist. LEXIS 37131 at * 7, 2007 WL 1521499 (S.D. Fl. May 22, 2007) (*Torres*, M.J.) ("When a party asserts an advice of counsel defense, the party waives the attorney-client privilege as to the subject matter of that advice.").[1] Defendant Gosney's attempts to distinguish the cases cited by the government, *see* [ECF No. 624 at 1-2], and relied on in the Report and Recommendation, *see* [ECF No. 762 at 4-5, 9], are mere hair-splitting. At no point does he address the fundamental unfairness in selectively waiving communications with some attorneys (presumably, those he believes beneficial to his defense) while refusing to waive communications with other attorneys on the same subject matter (presumably, those that may be harmful to his case). By asserting an advice-of-counsel defense, Defendant Gosney is arguing that he relied in good faith on the advice of counsel, and he cannot shield from the government or the jury attorney advice that would undercut that good faith belief.

Further, the distinction between discovery practices in civil lawsuits and criminal prosecutions does not impact the validity of the Court's holding. In a footnote, Defendant Gosney cites *United States v. Wilkerson*, 388 F. Supp. 3d 969, 972–73 (E.D. Tenn. 2019), to suggest that civil case holdings related to privilege cannot inform this Court's ultimate holding as to the scope of the associated-waiver when a criminal defendant asserts an advice-of-counsel defense. But

---

[1] Defendant Gosney has already explicitly waived privilege over all communications with Attorneys Robyn Sztyndor and Keith Fousek [ECF No. 582] and withdrew his privilege assertions and agreed the prosecution team could have access to all but six emails with Attorney Cohen and agreed [ECF No. 762 at 7]. From there, the Court conducted an *in camera* review of the six documents and determined that three were subject to disclosure. *Id*. at 7–8. In essence, Defendant Gosney's objection relates to the disclosure of three emails that the Magistrate Court found within the subject matter of the associated waiver.

2

*Wilkerson* does not discuss the subject matter of the associated waiver. Instead, it relates to the timing of when a criminal defendant must disclose an advice-of-counsel defense. *Id*. at *11. And it certainly does not hold that courts may not consider civil case holdings related to privilege and the scope of an associated waiver when reviewing such issues in a criminal case.

Now that both Defendants Dougherty and Gosney have asserted advice-of-counsel defenses [ECF Nos. 774, 777], and Defendant Daniel M. Carver has not objected to the Magistrate Court's order—this Court should also issue an order authorizing the filter team to immediately release communications and documents pertaining to the subject matter, as defined in the Magistrate Court's order [ECF No. 762]. In addition, the Court's order should also make clear that such waiver applies to any additional documents, communications, and information pertaining to the subject matter that are not yet known to the government or not yet in the government's possession—most notably, documents and communications in the custody, control, and possession of the defendants, the defendants' companies, and the attorneys at issue, as well as information known to the attorneys and other witnesses.

Defendant Gosney also requests that the Court issue an order requiring the government to notify and provide his counsel with an opportunity to be present at any debriefing of Attorney Aaron Cohen and to allow Defendant Gosney to object during those interviews to the disclosure of any material or information outside of the scope of the waiver. The government does not oppose allowing Defendant Gosney's criminal counsel (but not Defendant Gosney) the opportunity to observe the interview. The government will inform Defendant Gosney's counsel of the date and location of any debriefings which they may observe if they desire. The government does not intend to ask questions that exceed the scope of the waiver ordered by the Court because the government will be asking questions regarding the subject matter of this case, not unrelated subject matters on

which the lawyers may have advised the defendants. In any event, the government does not oppose defense counsel objecting to any questions that inadvertently seek information outside the scope of the waiver. The government, however, does oppose defense counsel objecting to the disclosure of material within the scope of the waiver as part of an ongoing objection to the Report and Recommendation.

Finally, Defendant Gosney asks the Court for an order compelling the government to send any subpoena responses obtaining documents subject to the waiver through the filter team and to provide Defendant Gosney with an opportunity to object before the prosecution team may review the materials. The government and Defendant Gosney conferred on this issue, prior to this filing. As a result, the government and Defendant Gosney agree that, for subpoenas issued to the attorneys, any returns will be produced directly to the filter team and to Defendant Gosney. From there, Defendant Gosney will have two business days to complete a review of each respective subpoena return and identify any material he deems to be privileged and outside the scope of the subject-matter waiver.[2] However, in the event any of the respective subpoena returns are more voluminous than the parties anticipate, the parties will meet and confer to establish a reasonable timeline for Defendant Gosney to assert privilege over the materials.[3]

This proposed expedited procedure is necessary because, as of this filing, the government has not yet issued subpoenas or conducted witness interviews related to Defendant Dougherty's

---

[2] Although there is a filter protocol already in place that allows for a claw back of inadvertently disclosed materials, [ECF No. 224 at ¶ 8], the government nevertheless agrees to this procedure to avoid further delay in entering a final order that would allow the release of this waived attorney-client privileged material so the government can undertake its investigation of the advice-of-counsel defense in advance of trial. As part of this procedure, Defendant Gosney has indicated that he will act in good faith to meet this 48-hour deadline.

[3] Defendant Gosney sought to inform the Court that, by conferring on this issue and agreeing to this procedure, he is not waiving his objections to the Report and Recommendation. But, in the event the court adopts the Report and Recommendation and finds a subject-matter waiver applies, Defendant Gosney is agreeable to this proposed procedure.

and Defendant Gosney's advice-of-counsel defense, despite the fact they asserted such defense on June 5, 2023.  [ECF Nos. 580, 682.]  If this Court adopts the Report and Recommendation, the government will issue such subpoenas and promptly schedule witness interviews.  The government also respectfully requests that, as part of any order adopting the Report and Recommendation, the Court also authorize early disclosure of records responsive to subpoenas issued pursuant to any order adopting the Report and Recommendation.  The government specifically requests that the recipients of such subpoenas be required to produce responsive records within a week of receiving the subpoena to avoid disclosures on the eve of trial and to allow the government sufficient time to investigate the advice of counsel defense.

Dated: August 17, 2023   Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

GLENN S. LEON, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By:  */s/ Patrick J. Queenan*
Patrick J. Queenan
FL Special Bar No. A5502715
Reginald Cuyler Jr.
FL Bar No. 0114062
Andrew Tamayo
FL Special Bar No. A5502970
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 875-0326
patrick.queenan@usdoj.gov
reginald.cuyler.jr@usdoj.gov
andrew.tamayo@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2023, I served and filed the foregoing document with the Clerk of the Court via CM/ECF.

                                           By:    */s/ Patrick J. Queenan*
                                                      Patrick J. Queenan
                                                       Trial Attorney
                                                      U.S. Department of Justice