UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80022-CANNON/REINHART

UNITED STATES OF AMERICA,
    Plaintiff,

v.

JOHN PAUL GOSNEY, JR.
    Defendant.
_____ /

## GOSNEY'S RESPONSE TO NON-PARTY NASHWA KHOGALI-JAKARY'S MOTION TO QUASH SUBPOENAS

Defendant, John Paul Gosney, Jr., through counsel, responds to Dr. Nashwa Khogali-Jakary's Motion to Quash Subpoenas, DE#803, stating:

## GENERAL BACKGROUND

1. On June 28, 2023, Gosney served Dr. Nashwa Khogali-Jakary with a subpoena *ad testificandum* to secure her appearance at trial.

2. Dr. Khogali-Jakary's motion states that she intends to assert her right to remain silent under the Fifth Amendment as to two questions—whether her signature is on the order and whether the genetic testing she ordered was medically necessary. DE#803:2.

## ARGUMENT

**I.     Gosney is entitled to a hearing, outside the presence of the jury, as to the legitimacy and scope of the witness' assertion of her Fifth Amendment privilege.**

Dr. Khogali-Jakary's anticipatory assertion of her Fifth Amendment privilege needs to be tested, outside the presence of the jury, to determine the scope and legitimacy of the assertion. This Court has already ruled:

> The Court is required to make a "a proper inquiry into the legitimacy and scope of the witness' assertion of his Fifth Amendment privilege" as to "each specific area that the questioning party wishes to explore." *United States v. Goodwin*, 625 F.2d 693, 701 (5th Cir. 1980). This is necessary because, "[a]lthough the witness may have a valid claim to the privilege with respect to some questions, the scope of that privilege may not extend to all relevant questions. The witness may be totally excused only if the court finds that he could legitimately refuse to answer essentially all relevant questions." *Id.*

DE#754:3. Dr. Khogali-Jakary's motion presumes the only questions Gosney will ask her are: (1) whether "it is her signature on the order" and (2) whether "the genetic testing was medically necessary." DE#803:2. But there are many other relevant areas of inquiry, including but not limited to: (1) the patient's medical history; (2) the reasons for ordering the test; and (3) the circumstances surrounding ordering the test.

Further, Dr. Khogali-Jakary has no legitimate fear of prosecution in this case, as the government has not indicted any of the nearly 4,000 doctors who signed an order. In fact, the government itself has listed as witnesses in its case-in-chief

2

primary care physicians who signed orders, including Monica Tran and Scott Murphy, neither of whom have entered into immunity deals, cooperation agreements, or have pled guilty to any crime. *See* DE#801.

Even if Dr. Khogali-Jakary held an honest belief that she would incriminate herself by testifying, "[a] 'witness is not exonerated from answering merely because [s]he declares that in so doing [s]he would incriminate himself—[her] say-so does not of itself establish the hazard of incrimination. It is for the court to say whether [her] silence is justified.'" DE#754:2 (citing *Hoffman v. United States*, 341 U.S. 479, 486 (1951)). Gosney is entitled to "a hearing, outside the presence of the jury, during which the Court can inquire of [Dr. Khogali-Jakary] on a question-by-question basis to determine whether [her] invocation of the Fifth Amendment privilege is well-founded as to each of those questions." DE#754:2.

Dr. Deo's expert disclosure does not say that it is a crime for a doctor to sign a requisition form ordering a genetic test. Dr. Deo's disclosure states that "[a] primary care physician . . . should not *normally* order cardio genetic testing . . ." and that it "*typically* should not be the first step in managing a patient's cardiac related illness . . . ." DE:349; DE#803:3. But Dr. Deo's opinion is not that it is illegal, or even improper, under Medicare rules for a licensed doctor of medicine or osteopathy to order a genetic test. His opinion is whether a doctor, who is not a specialist, *should*

3

order a genetic test. This is an *ex post facto* clinical judgment. "A properly formed and sincerely held clinical judgment is not untrue even if a different physician later contends that the judgment is wrong." *United States v. AseraCare, Inc.*, 938 F.3d 1278, 1297 (11th Cir. 2019). Doctors can, and often do, disagree.

And Medicare only requires a physician to be a "treating physician," defined as "the physician who furnishes a consultation or treats a beneficiary for a specific medical problem and who uses the results in the management of the beneficiary's specific medical problem." 42 C.F.R. § 410.32(a). A physician, under the Social Security Act, is "a doctor of medicine or osteopathy legally authorized to practice medicine and surgery by the State in which he performs such function or action." 42 U.S.C. 1395x(r). Dr. Khogali-Jakary, therefore, has no risk of prosecution.

Finally, Dr. Khogali-Jakary is a not part of a laboratory that billed Medicare for genetic tests. There are no allegations that she, or any other doctor, was part of an alleged fraud. There is no factual basis to conclude that Dr. Khogali-Jakary violated a regulation, civil rule, statute, or ethical standard; she merely exercised her professional medical judgment. The exercise of medical judgment cannot be a good faith basis for a prosecution, and medical judgment may differ from others.[1]

---

[1] Even if a doctor's conduct somehow violated a regulation or ethical standard, a violation of a civil rule, statute, regulation, or ethical standard, is not a crime. *See*, *e.g.*, *United States v. Climmons-Johnson*, No. CR H-12-245, 2018 WL 6179508, at

4

Depriving Gosney of a witness who can establish beyond any doubt that the genetic test was approved by a licensed physician would violate Gosney's Fifth Amendment right to Due Process, Sixth Amendment right to compulsory process, and rights to a fair trial and to present a defense.

## CONCLUSION

For the foregoing reasons, the Court should deny Dr. Khogali-Jakary's Motion to Quash Subpoenas, compel her to appear at trial, and hold a hearing, outside the presence of the jury, to inquire into the legitimacy and scope of her assertion of her Fifth Amendment privilege against self-incrimination.

    Respectfully submitted,

    **BLACK SREBNICK**
    201 South Biscayne Boulevard, Suite 1300
    Miami, Florida 33131 / Tel. (305) 371-6421

    /s/   *Edward Armellino*
    **ALYSSA SILVAGGI, ESQ.**
    Florida Bar No. 114129
    E-mail: ASilvaggi@RoyBlack.com
    **EDWARD ARMELLINO, ESQ.**
    Florida Bar No. 114904
    E-mail: EArmellino@RoyBlack.com
    ***Counsel of Record for John Paul Gosney, Jr.***

---

\*12 (S.D. Tex. Nov. 27, 2018), *report and recommendation adopted*, No. 4:12-CR-245, 2019 WL 311953 (S.D. Tex. Jan. 24, 2019). Prosecution is not possible where there are "genuine questions about the government's legal ability to prosecute." *U.S. v. Sharp*, 920 F.2d 1167, 1170-71 (4th Cir. 1990).