**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-80022-CR-CANNON/REINHART**

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**

**JOSE GOYOS,**

      **Defendant.**

_____/

**<u>JOINT PROPOSED JURY INSTRUCTIONS</u>**

The United States of America and Jose Goyos ("Defendant") respectfully request that the Court charge the jury with the following instructions at the conclusion of evidence in the above-captioned case pursuant to Rule 30(a) of the Federal Rules of Criminal Procedure. Unless noted otherwise, these instructions were drafted using the March 2022 version of the Eleventh Circuit's Pattern Jury Instructions. The parties have included a preliminary instruction to be given prior to opening statements based on Preliminary Instruction 1 of the Pattern Jury Instructions of the Eleventh Circuit. Pursuant to the Court's March 21, 2022, Scheduling Order [D.E. 137], instructions on which Mr. Goyos does not object are set forth in standard type. Disputed instructions are **bolded**. Instructions proposed only by the United States are <u>underlined</u>. Instructions proposed by the Defendant are *italicized*. All instructions are supported by citations to legal authority.

The parties also request permission to propose such additional instructions as may become appropriate based upon the testimony and evidence presented at trial. Pursuant to Federal Rule of

Criminal Procedure 30(b), the parties further request that the Court inform the parties prior to closing argument which instructions the Court will give to the jury.

Respectfully submitted,

GLENN S. LEON
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE
MARKENZY LAPOTINE
UNITED STATES ATTORNEY

*/s/ Patrick J. Queenan*
Patrick J. Queenan
FL Special Bar No. A5502715
Reginald Cuyler Jr.
FL Bar # 0114062
Andrew Tamayo
FL Special Bar No. A5502970
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 875-0326
patrick.queenan@usdoj.gov
reginald.cuyler.jr@usdoj.gov
andrew.tamayo@usdoj.gov

COUNSEL FOR THE UNITED STATES

*/s/ Robert Adler*
Robert E. Adler
M. Caroline McCrae
Federal Public Defender
250 South Australian Avenue Suite 400
West Palm Beach, FL 33401
Phone: 561-833-6288
Fax: 561-833-0368
Email: robert_adler@fd.org
Email: caroline_mccrae@fd.org
*Counsel for Jose Goyos*

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-80022-CR-CANNON/REINHART**

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**

**JOSE GOYOS,**

      **Defendant.**

_____/

## PRELIMINARY INSTRUCTIONS – CRIMINAL CASES[1]

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether each defendant is guilty or not guilty of the crime charged in the superseding indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can

---

[1] Eleventh Circuit Pattern Jury Instructions No. P1 (Criminal 2022) (modified to reflect that the Defendant is charged by a superseding indictment).

3

be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

Certain things are not evidence and must not be considered. I will list them for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

4

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

Rules for criminal cases:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendants are presumed innocent until proven guilty. The superseding indictment against the defendants brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendants therefore start out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendants have no burden to prove innocence or to present any evidence, or to testify. Since the defendants have the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove each defendant's guilt beyond a reasonable doubt. I will

give you further instructions on this point later, but bear in mind that the level of proof required is high.

<u>Conduct of the jury:</u>

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter. You may not use any similar technology of social media, even if

I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendants, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only

from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

<u>Taking notes</u>:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the Defendant's attorneys may, but do not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will

present their closing arguments to summarize and interpret the evidence for you, and I will instruct

you on the law. After that, you will go to the jury room to decide your verdict.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-80022-CR-CANNON/REINHART**

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**

**JOSE GOYOS,**

      **Defendant.**

_____/

**Jury Instruction No. 1[2]**
**Introduction**

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

    It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go into the jury room and begin your discussions—what we call your deliberations.

    You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

---

[2] Eleventh Circuit Pattern Jury Instructions No. B1 (Criminal 2022).

10

**Jury Instruction No. 2[3]**
**The Duty to Follow Instructions and the Presumption of Innocence [When a Defendant Does Not Testify]**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The superseding indictment or formal charge against the Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all.  A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[3] Eleventh Circuit Pattern Jury Instructions No. B2.2 (Criminal 2022) (modified to reflect that the Defendant is charged by a superseding indictment).

### **Jury Instruction No. 3[4]**
### **Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

[4] Eleventh Circuit Pattern Jury Instructions No. B3 (Criminal 2022).

**Jury Instruction No. 4[5]**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

---

[5] Eleventh Circuit Pattern Jury Instructions No. B4 (Criminal 2022).

**<u>Jury Instruction No. 5</u>**[6]
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

---

[6] Eleventh Circuit Pattern Jury Instructions No. B5 (Criminal 2022).

## Jury Instruction No. 6[7]
### Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or ***an*** intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

---

[7] Eleventh Circuit Pattern Jury Instructions No. B6.2 (Criminal 2022).  The parties agree that if one of the Defendants testifies Pattern Jury Instruction B6.5 (Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction (Defendant with No Felony Conviction Testifies)) or B6.6 (Impeachment of Witnesses Because of Inconsistent Statement or Felony Conviction (Defendant with Felony Conviction Testifies)) should be substituted for this instruction.

## **Jury Instruction No. 7**[8]

### *Impeachment of Witness Because of Bad Reputation for (or Opinion about) Truthfulness  (May Be Used With 6.1 – 6.6)*

*There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have a bad opinion about the witness's truthfulness.*

*You may consider reputation and community opinion in deciding whether to believe or disbelieve a witness.*

---

[8] Eleventh Circuit Pattern Jury Instructions No. B6.7 (Criminal 2022).

## **Jury Instruction No. 8**[9]
### **Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

---

[9] Eleventh Circuit Pattern Jury Instructions No. B7 (Criminal 2022).

<u>**Jury Instruction No. 9**</u>[10]
**Testimony of Accomplice or Codefendant with Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with ***alleged*** accomplices and/or [*co-defendants]* /<u>**co-conspirators**</u>] in exchange for their testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the accomplice or co-conspirator would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

---

[10] Eleventh Circuit Pattern Jury Instructions No. S1.2 (Criminal 2022).

**Jury Instruction No. 10[11]**
**Similar Acts Evidence (Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by the Defendants on other occasions that may be similar to acts with which the Defendant is currently charged. You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the superseding indictment. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determine whether the Defendants had the state of mind or intent necessary to commit the crime charged in the superseding indictment and whether the Defendant committed the acts charged in the superseding indictment by accident or mistake.

---

[11] Eleventh Circuit Pattern Jury Instructions No. S4.1 (Criminal 2022) (modified to reflect that the Defendants were charged by a superseding indictment).

**Jury Instruction No. 11**[12]
**Introduction to Offense Instruction**

The superseding indictment charges 22 separate crimes, called "counts," 7 of which are against the Defendant. Each count has a number. You'll be given a copy of the superseding indictment to refer to during your deliberations.

Count 1 charges the Defendant with knowingly and willfully conspiring amongst themselves and with others to commit health care fraud and wire fraud.

Count 14 charges the Defendant with knowingly and willfully conspiring amongst themselves and with others to commit money laundering.

Counts 2-6 charge that Defendant committed or aided and abetted in committing what are called "substantive offenses."

Counts 2-6 charge the Defendant with health care fraud.

I will explain the law governing those substantive offenses in a moment. But first note that the Defendant is not charged in Counts 1 and 14 with committing substantive offenses – he is charged with conspiring to commit that offense. I will also give you specific instructions on conspiracy.

---

[12] Eleventh Circuit Pattern Jury Instructions No. B8 (Criminal 2022) (modified to reflect that the superseding indictment charges multiple defendants and different counts against different defendants).

20

<u>**Jury Instruction No. 12**</u>[13]
**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the superseding indictment may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

---

[13] Eleventh Circuit Pattern Jury Instructions No. B8.1 (Criminal 2022) (modified to reflect that the Defendants were charged by a superseding indictment).

### Jury Instruction No. 13[14]
#### Caution: Punishment
#### (Multiple Defendants, Multiple Counts)

Each count of the superseding indictment charges a separate crime against one or more of the Defendants.  You must consider each crime and the evidence relating to it separately.  And you must consider the case of each Defendant separately and individually.  If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the superseding indictment.  You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty.  If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

**<u>Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding. Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.  Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.</u>**

---

[14] The first three paragraphs are from Eleventh Circuit Pattern Jury Instructions No. B10.4 (Criminal 2022).  The remaining language is modeled on the Sixth Circuit Pattern Criminal Jury Instructions, §§ 3.06, 8.08, *available at* www.ca6.uscourts.gov/pattern-jury-instructions.

## Jury Instruction No. 14[15]
### On or About; Knowingly; Willfully – Generally

You'll see that the superseding indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

---

[15] Eleventh Circuit Pattern Jury Instructions No. B9.1A (Criminal 2022) (modified to reflect that the Defendants were charged by a superseding indictment).

### Jury Instruction No. 15[16]
### Deliberate Ignorance as Proof of Knowledge

**If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact didn't exist.**

**"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains a controlled substance so he or she can deny knowledge of the package's contents.**

**So you may find that a Defendant knew about the possession of a controlled substance if you determine beyond a reasonable doubt that the Defendant (1) actually knew about the controlled substance, or (2) had every reason to know but closed his eyes.**

**But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that the Defendant knew about the possession of the controlled substance.**

---

[16] Eleventh Circuit Pattern Jury Instructions No. S8 (Criminal 2022).

**Jury Instruction No. 16**[17]
**Good-Faith Defense**

*"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.*

*An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.*

*But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.*

---

[17] Eleventh Circuit Pattern Jury Instructions No. S17 (Criminal 2022).

### Jury Instruction No. 17[18]
### Multiple Objects of a Conspiracy

In this case, regarding the alleged conspiracy charged in Count 1, the superseding indictment charges that the Defendant conspired to commit health care fraud <u>and</u> to commit wire fraud.

***As to the conspiracy to commit health care fraud, the superseding indictment alleges that the Defendants conspired to commit health care fraud by submitting medically unnecessary tests for payment. Paying or receiving kickbacks, alone, is insufficient to establish health care fraud. Likewise, a false or fraudulent pretense, representation, or promise related to information that may have impacted Medicare's discretionary economic decisions, such as statements on enrollment paperwork or whether or how a referral was made, is not a material fact sufficient to establish fraud.[19]***

Regarding the alleged conspiracy charged in Count 14, the superseding indictment charges that the Defendant conspired to commit money laundering by concealment <u>and</u> to commit money laundering through engaging in financial transactions of greater than $10,000 using funds from unlawful activity.

In other words, in each of these counts, the Defendant is charged with conspiring to commit <u>two</u> separate substantive crimes.

The Government does not have to prove that the Defendant willfully conspired to commit <u>both</u> crimes. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant

---

[18] Eleventh Circuit Pattern Jury Instructions No. O13.2 (Criminal 2022) (modified to reflect that the Defendants were charged by a superseding indictment and that different counts charge different crimes and defendants).

[19] *See Ciminelli v. United States*, 598 U.S. 306, 316, 143 S. Ct. 1121, 1128, 215 L. Ed. 2d 294 (2023).

willfully conspired to commit <u>one</u> of those crimes. But to return a verdict of guilty, you must all

agree on <u>which</u> of the two crimes the Defendant conspired to commit.

<u>Jury Instruction No. 18</u>[20]
**Conspiracy to Commit Health Care Fraud and Wire Fraud**
**18 U.S.C. § 1349**

Count 1 charges each of the three Defendants with conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349.

It's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of health care fraud or wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member*, but a conspiracy is not a kind of "club" that one joins or a "business" in which one works.*[21]

*Conspiracy actually has two intent elements — intent to further the unlawful purpose and the level of intent required for proving the underlying substantive offenses alleged in this case of wire fraud, health care fraud, or money laundering, and violating the Anti-Kickback statute.*[22]

---

[20] Eleventh Circuit Pattern Jury Instructions No. O54 (Criminal 2022) (modified to reflect that the Defendants were charged by a superseding indictment).

[21] *United States v. Glenn*, 828 F. 2d 855, 857(1st Cir. 1987) (other citations omitted) (reversing a conspiracy conviction); *see also U.S. v. Chandler*, 388 F.3d 796, 798 (11th Cir. 2004) (reversing a conviction in wire fraud conspiracy and highlighting that "[t]his trial clearly demonstrates the inherent danger in a multi-defendant conspiracy prosecution — that individuals who are not actually members of the group will be swept into the conspiratorial net. Because the government is permitted broad prosecutorial discretion to prove the conspiracy, the likelihood exists that those who associate with conspirators will be found guilty of a crime that they have not intended to commit, and part of a group that they never joined.").

[22] *United States v. Brooks, 681 F.3d 678, 699 (5th Cir. 2012), citing* Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 12.2(c)(1) (2003); *United States v. Alvarez,* 610 F.2d 1250, 1255 (5th Cir. 1980) ("Conspiracy is, however, more complex because it involves two elements of intent that shade into each other: each party must have

The Government does not have to prove that all the people named in the superseding indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan. ***But the government must prove beyond a reasonable doubt that the defendant understood the essential nature of the charged conspiracy and willfully joined that conspiracy.***[23]

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

    (1)  two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit health care fraud and wire fraud, as charged in the superseding indictment; and

    (2)  the Defendant knew the unlawful purpose of the plan and willfully joined in it;

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person

---

intended to enter into the agreement and the schemers must have had a common intent to commit an unlawful act.").'

[23] *U.S. v. Charles*, 313 F.3d 1278, 1284 (11th Cir. 2002) ("the government must prove that he "knew the essential nature of the conspiracy." *United States v. Payne,* 750 F.2d 844, 859 (11th Cir. 1985)"); *United States v. Sosa*, 777 F.3d 1279, 1290 (11th Cir. 2015); *United States v. Miranda,* 425 F.3d 953, 959 (11th Cir.2005) (quotation marks omitted and alterations adopted).")

who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

<u>**Jury Instruction No. 19**</u>[24]
**Wire Fraud**
**18 U.S.C. § 1343**

One of the objects of the conspiracy charged in Count 1 is conspiracy to commit health

care fraud and wire fraud.  It's a Federal crime to use interstate wire, radio, or television

communications to carry out a scheme to defraud someone else.

A Defendant can be found guilty of this crime only if all the following facts are proved

beyond a reasonable doubt:

(1)   the Defendant knowingly devised or participated in a scheme to defraud [**<u>someone</u>**
      ***[Medicare]*** by using false or fraudulent pretenses, representations, or promises;
(2)   the false pretenses, representations, or promises were about a material fact;
(3)   the Defendant acted with the intent to defraud***, that is the defendant intended to***
      ***deceive or cheat Medicare out of money or property***; and
(4)   the Defendant transmitted or caused to be transmitted by wire some communication
      in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat

someone out of money or property by using false or fraudulent pretenses, representations, or

promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the

speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent

to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or

effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether

to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence

a person's decision. It doesn't matter whether the decision-maker actually relied on the statement

---

[24] Eleventh Circuit Pattern Jury Instructions No. O51 (Criminal 2022) (modified to reflect that the
Defendants were charged by a superseding indictment).

or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury **to Medicare, the alleged victim of the alleged fraud**, is not sufficient to prove intent to defraud.

**Furthermore, a "scheme to defraud," refers only to those schemes in which a defendant lies about the nature of the bargain itself, for example, that the purchaser is receiving a diamond when in fact they are receiving a cubic zirconium. But if a defendant lies about something else then he has not lied about the nature of the bargain and has not "schemed to defraud."[25]**

**Neither a license to operate a clinical laboratory nor a Provider Access Transaction**

---

[25] *United States v. Takhalov*, 827 F.3d 1307, 1313-14 (11th Cir. 2016) ("A jury cannot convict a defendant of wire fraud, then, based on misrepresentations amounting only to a deceit." (internal quotation marks and citation omitted)); *United States v. Masino*, No. 18-15019, at *1 (11th Cir. July 30, 2021) (upholding judgment of acquittal entered by district court on wire fraud where district court held that "even if there was evidence that the Masinos conspired to *deceive* the charities regarding their compliance with the specified provisions of the statute, there was no evidence that the Masinos conspired to *harm* the charities by taking from them money or property to which the Masinos were not entitled. We agree with the district court's analysis and conclusion."). In *Masino,* there was evidence that the defendants lied about employee compensation and lied about rent payments which permitted them to circumvent the state laws concerning commercial vs. nonprofit Bingo operations. *Compare United States v. Aldissi*, No. 15-14193, at *12 (11th Cir. Dec. 13, 2018) (affirming wire fraud conviction where Scientists submitted research proposals to obtain federal funds through set-aside programs designed for small businesses "forged letters of support; misrepresented their eligibility for funding; lied about their relationships with the research institutions and commercial partners, number of employees, facilities, their access to lab space and equipment; and fabricated price quotes from consultants and subcontractors that they never used or intended to use" reasoning that those specific "deceptions deprived the United States not only of the money that should have been awarded to other researchers, but also of what it was actually paying for - the chance for eligible small businesses to commercialize their research and bring an actual product or service to the market.")

*Number (PTAN) is money or property.*[26]

The Government does not have to prove all the details alleged in the superseding indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

---

[26] *Kelly v. United States*, 140 S. Ct. 1565, 1571 (2020) (vacating wire fraud conviction noting that "[t]he wire fraud statute thus prohibits only deceptive "schemes to deprive [the victim of] money or property" and "the federal fraud statutes at issue do not criminalize all such conduct. Under settled precedent, the officials could violate those laws only if an object of their dishonesty was to obtain the Port Authority's money or property."); *Cleveland v. United States*, 531 U.S. 12, 15, (2000) (finding that the issuance of video poker licenses by Louisiana was not money or property under the wire fraud statute and reinforcing that "[e]quating issuance of licenses or permits with deprivation of property would subject to federal mail fraud prosecution a wide range of conduct traditionally regulated by state and local authorities. "); *United States v. Cooper*, 132 F.3d 1400, 1405 (11th Cir. 1998); *United States v. Guertin,* No. 22-3011 (D.C. Cir. May 16, 2023) (holding that security clearance is not money or property and upholding dismissal of wire fraud indictment); *see also Percoco vs. United States* 21-1158 (May 11, 2023) (Slip. Op.); *Ciminelli vs. United States,* 21-1170 (May 11, 2023) (Slip. Op.); *United States v. Gamal Abdelaziz*, No. 22-1129 (1st Cir. May 10, 2023); *United States v. John Wilson*, No. 22-1138 (1st Cir. May 10, 2023) (each vacating wire fraud convictions).

<u>**Jury Instruction No. 20**</u>[27]
**Health Care Fraud**
**18 U.S.C. § 1347**

One of the objects of the conspiracy charged in Count 1 is conspiracy to commit health care fraud. The Defendant also is charged separately in Counts 2 through 6 with the substantive crimes of committing health care fraud, in violation of 18 U.S.C. § 1347.

It's a Federal crime to knowingly and willfully execute, or attempt to execute, a scheme or artifice to defraud a health-care benefit program, or to get any of the money or property owned by, or under the custody or control of, a health-care benefit program by means of false or fraudulent pretenses, representations, or promises.

A Defendant can be found guilty of this offense only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program, [or to obtain money or property owned by, or under the custody or control of, a health-care benefit program] by using false or fraudulent pretenses, representations, or promises *related to the medical necessity of genetic tests*;

(2) the health care benefit program affected interstate commerce;

(3) the false or fraudulent pretenses, representations, or promises related to a material fact *regarding the medical necessity of genetic tests*;

(4) the Defendant acted willfully and intended to defraud; and

(5) the Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services.

"Health-care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity that is providing a medical benefit, item, or service for which

---

[27] Eleventh Circuit Pattern Jury Instructions No. O53 (Criminal 2022) (modified to reflect that this construction is relevant to Counts 1-6 and that the Defendants were charged by a superseding indictment).

34

payment may be made under the plan or contract.

A health care program affects interstate commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another. The Government need only prove that the health care program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree. The Government need not prove that the Defendant engaged in interstate commerce or that the acts of the Defendant affected interstate commerce.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises relating to a material fact.

***Furthermore, a "scheme to defraud," refers only to those schemes in which a defendant lies about the nature of the bargain itself, for example, that the purchaser is receiving a diamond when in fact they are receiving a cubic zirconium. But if a defendant lies about something else then he has not lied about the nature of the bargain and has not "schemed to defraud."[28]***

---

[28] *United States v. Takhalov*, 827 F.3d 1307, 1313-14 (11th Cir. 2016) ("A jury cannot convict a defendant of wire fraud, then, based on misrepresentations amounting only to a deceit." (internal quotation marks and citation omitted)); *United States v. Masino*, No. 18-15019, at *1 (11th Cir. July 30, 2021) (upholding judgment of acquittal entered by district court on wire fraud where district court held that "even if there was evidence that the Masinos conspired to *deceive* the charities regarding their compliance with the specified provisions of the statute, there was no evidence that the Masinos conspired to *harm* the charities by taking from them money or property to which the Masinos were not entitled. We agree with the district court's analysis and conclusion."). In *Masino,* there was evidence that the defendants lied about employee compensation and lied about rent payments which permitted them to circumvent the state laws concerning commercial vs. nonprofit Bingo operations. *Compare United States v. Aldissi*, No. 15-14193, at *12 (11th Cir. Dec. 13, 2018) (affirming wire fraud conviction where Scientists submitted research proposals to obtain federal funds through set-aside programs designed for small businesses  "forged letters of support; misrepresented their eligibility for funding; lied about their relationships with the research institutions and commercial partners, number of employees, facilities, their access to lab space and equipment; and fabricated price quotes from consultants and subcontractors that they never used or intended to use" reasoning that those

A statement or representation is "false" or "fraudulent" if it is about a material fact*, in this case, the medical necessity of genetic tests,* that the speaker knows is untrue or makes with reckless indifference as to the truth and makes with intent to defraud. A statement or representation may be "false" or "fraudulent" when it's a half truth or effectively conceals a material fact and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false. *In this case, the only material fact at issue is the medical necessity of genetic tests or durable medical equipment. Paying or receiving kickbacks, alone, is insufficient to establish health care fraud. Likewise, a false or fraudulent pretense, representation, or promise related to information that may have impacted Medicare's discretionary economic decisions, such as statements on enrollment paperwork or whether or how a referral was made, is not a material fact sufficient to establish fraud.*[29]

To act with "intent to defraud" means to do something with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to

specific "deceptions deprived the United States not only of the money that should have been awarded to other researchers, but also of what it was actually paying for - the chance for eligible small businesses to commercialize their research and bring an actual product or service to the market.")

[29] *Ciminelli v. United States*, 598 U.S. 306, 316, 143 S. Ct. 1121, 1128, 215 L. Ed. 2d 294 (2023).

defraud.

The Government doesn't have to prove all the details alleged in the superseding indictment about the precise nature and purpose of the scheme. The Government also doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone. What must be proved beyond a reasonable doubt is that the Defendant knowingly attempted or carried out a scheme substantially similar to the one alleged in the superseding indictment.

**<u>Jury Instruction No. 21</u>**[30]
**Money Laundering Conspiracy**
**18 U.S.C. § 1956(h)**

Count 14 charges the Defendant with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  Count 14 charges the Defendant with a conspiracy to commit two different types of money laundering, by concealment <u>and</u> through engaging in financial transactions of greater than $10,000 using funds from unlawful activity.

It's a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Sections 1956(a)(1)(B)(i) or 1957.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the superseding indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

A Defendant can be found guilty of this money laundering conspiracy only if all the following facts are proved beyond a reasonable doubt:

(1) two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956(a)(l)(B)(i) or 1957; and

(2) the defendant knew about the plan's unlawful purpose and voluntarily joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan

---

[30] Eleventh Circuit Pattern Jury Instructions No. O74.5 (Criminal 2022).

or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan - and voluntarily joined in the plan on at least one occasion - that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

**Jury Instruction No. 22**[31]
**Money Laundering: Concealing Proceeds**
**of Specified Unlawful Activity**
**18 U.S.C. § 1956(a)(1)(B)(i)**

It's a Federal crime to knowingly engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the defendant knowingly conducted or tried to conduct financial transactions;

(2) the defendant knew that the money or property involved in the transaction were the proceeds of some kind of unlawful activity;

(3) the money or property did come from an unlawful activity, specifically conspiracy to commit health care fraud or wire fraud, health care fraud, or receipt of kickbacks in connection with a Federal health care program; and

(4) the defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

To "conduct a transaction" means to start or finish a transaction, or to participate in a transaction at any point.

A "transaction" means a purchase, sale, loan, promise, gift, transfer, delivery, or other disposition of money or property. A transaction with a financial institution also includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, use of a safe deposit box, or purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument.

_____

[31] Eleventh Circuit Pattern Jury Instructions No. O74.2 (Criminal 2022).

A "financial transaction" means –a transaction that in any way or to any degree affects interstate or foreign commerce by sending or moving money by wire or other means.

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States.

To know "that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that's a felony under state, Federal, or foreign law.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

The phrase "specified unlawful activity" means conspiracy to commit health care fraud; health care fraud; and wire fraud.

*To find a defendant guilty beyond a reasonable doubt there must be evidence of something more than a simple transfer of funds between two accounts, each bearing the parties' correct name. There must be some evidence that the funds are more concealed after the transaction is completed than before.*[32]

*Furthermore, if transactions are engaged in for present personal benefit, and not to*

---

[32] *U.S. v. Johnson*, 440 F.3d 1286, 1293 (11th Cir. 2006) (reversing concealment money laundering conviction); *see also Cuellar v. United States*, 553 U.S. 550, 568 (2008)  (analyzing Section 1956(a)(2)(B)(i) and almost identical language holding that "[t]he provision of the money laundering statute under which petitioner was convicted requires proof that the transportation was "designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control" of the funds. § 1956(a)(2)(B)(i). Although this element does not require proof that the defendant attempted to create the appearance of legitimate wealth, neither can it be satisfied solely by evidence that a defendant concealed the funds during their transport")

*create the appearance of legitimate wealth, they do not violate the money laundering statute.*[33]

---

[33] *United States v. Gotti*, 445 F. Supp. 2d 375, 387 (S.D.N.Y. 2006) ("Subsection (I) of the money laundering statute does not criminalize the mere spending of proceeds of specified unlawful activity." The "intent to conceal" the illicit origin of funds is the hallmark of money laundering. Thus, "the statute requires proof that a financial transaction ... was designed '*to conceal or disguise'*" the origin of criminal proceeds. "If transactions are engaged in for present personal benefit, and not to create the appearance of legitimate wealth, they do not violate the money laundering statute.")

<u>**Jury Instruction No. 23**</u>[34]
**Money Laundering**
**18 U.S.C. § 1957**

It's a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

A Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt;

(1) the Defendant knowingly engaged or attempted to engage in a monetary transaction;

(2) the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

(3) the property had a value of more than $10,000;

(4) the property was in fact proceeds of conspiracy to commit health care fraud or wire fraud, health care fraud, or receipt of kickbacks in connection with a Federal health care program; and

(5) the transaction took place in the United States.

.      The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange of funds or a monetary instrument, by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means an insured or commercial bank.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from committing conspiracy to commit health care fraud, health care fraud, and

---

[34] Eleventh Circuit Pattern Jury Instructions No. O74.6 (Criminal 2022).

wire fraud. But the Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.

Also it doesn't matter whether all the property involved was derived from a crime. The Government only has to prove that $10,000 worth of the property was obtained or derived from committing a crime.

### Jury Instruction No. 24[35]
**Pinkerton Instruction**
[***Pinkerton v. U.S.***, 328 U.S. 640 (1946)]

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.

So regarding Counts 2 through 6, if you have first found a Defendant guilty of the crime of conspiracy to commit health care fraud as charged in Count 1, you may also find that Defendant guilty of health care fraud as charged in Counts 2 through 6 even though the Defendant did not personally participate in the crime. To do so, you must find beyond a reasonable doubt:

(1) during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2) the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and

(3) it was reasonably foreseeable that a conspirator would commit the crime as a consequence of the conspiracy.

---

[35] Eleventh Circuit Pattern Jury Instructions No. O13.5 (Criminal 2022).

### Jury Instruction No. 25[36]
**Aiding and Abetting; Agency**
**(18 U.S.C. § 2)**

It is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of others requires proof that the Defendant intentionally associated with or participated in the crime—not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

---

[36] Eleventh Circuit Pattern Jury Instructions No. S7 (Criminal 2022).

**<u>Jury Instruction No. 26</u>**[37]
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

---

[37] Eleventh Circuit Pattern Jury Instructions No. S5 (Criminal 2022).

**<u>Jury Instruction No. 27</u>**[38]
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

[38] Eleventh Circuit Pattern Jury Instructions No. B11 (Criminal 2022).

## Jury Instruction No. 28[39]
### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form for each Defendant has been prepared for your convenience.

[Explain verdict]

Take the verdict forms with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

---

[39] Eleventh Circuit Pattern Jury Instructions No. B.12 (Criminal 2022).

**Jury Instruction No. 29[40]**
**Good-Faith Reliance upon Advice of Counsel**

*Good-faith is a complete defense to the charge in the indictment because the Government must prove beyond a reasonable doubt that the Defendant acted with [intent to defraud] [bad purpose to disobey or disregard the law] [a specific intent to violate a known legal duty]. Evidence that the Defendant in good-faith followed the advice of counsel would be inconsistent with such an unlawful intent.*

*Unlawful intent has not been proved if the Defendant, before acting:*

- *made a full and complete good-faith report of all material facts to an attorney he or she considered competent;*

- *received the attorney's advice as to the specific course of conduct that was followed; and*

- *reasonably relied upon that advice in good-faith.*

*It is not necessary that the Defendant himself have made the full and complete good-faith report of all material facts, so long as the Defendant genuinely believed that the attorney had received such a report in formulating the advice. Nor is it necessary that the attorney directly communicated the advice to the Defendant; it is sufficient that the Defendant received the attorney's advice, even if indirectly from other persons, so long as the Defendant genuinely believed those other persons accurately conveyed the attorney's advice. And it does not matter whether the attorney's advice on the law was right or wrong, so long as the Defendant reasonably relied upon that advice in good faith.*

---

[40] Eleventh Circuit Pattern Jury Instructions No. S18 (Criminal 2022). The final paragraph has been added to the pattern instruction.

*THEORY OF DEFENSE INSTRUCTION NO. 1*
*Caution-Medicare Civil Rules and Regulations*

*During this trial, you have heard evidence regarding Medicare's civil rules and regulations. I caution you that a violation of civil statutes, rules, regulations, or ethical standards is not a crime. This is not a civil case. The defendants are not on trial for a civil violation. Even if you find that one or both defendants violated the applicable civil statutes, rules, or regulations, the defendants cannot be convicted of a crime merely for breaching civil standards, rules, contracts, regulations, or ethical standards applicable to his or her conduct. You are reminded that the government must prove each element of the offense charged beyond a reasonable doubt.*

### ANNOTATIONS AND COMMENTS

*See United States v. Leah Hagen et al., 19-cr-00146-B (N.D. Tex. 2019) (Dkt. No. 281 at 10) (Court's Instructions); United States v. Cabrera, et al., Case No. 16-CR-20476-ZLOCH (S.D. Fla.);United States v. Macli, et al., No. 11-CR-20587-RNS (S.D. Fla. Aug. 23, 2012) (DE-836 at 10); United States v. Mark Wilner, M.D., et al., Case No. 11-CR-20100-PAS (S.D. Fla.) (DE 1002);United States v. Christo, 614 F.2d 486, 492 (5th Cir. 1980) ("an indictment may not charge nor the government prove violations of a civil regulatory statute as the sole basis for alleged criminal misapplications of bank funds..");United States v. Cooper, 16-cr-160 (S.D. Tex.) (Dkt. No. 945) (approving a version of this instruction); United States v. Saks, 964 F.2d 1514, 1523 (5th Cir. 1992) (noting that the jury in considering defendant's guilt was not instructed that they may consider proof of any violations of civil regulations as proof of guilt).*

*THEORY OF DEFENSE INSTRUCTION NO. 2*
*013.3 (revised)*
*Multiple Conspiracies*

*Proof of several separate conspiracies isn't proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy. You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you must find the Defendants not guilty of that charge.*

*But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were.*

*And if you decide that a particular Defendant was a member of some other conspiracy – not the one charged – then you must find that Defendant not guilty. So, to find a Defendant guilty, you must all agree that the Defendant was a member of the conspiracy charged – not a member of some other separate conspiracy.*

<u>*ANNOTATIONS AND COMMENTS*</u>

*Kotteakos v. United States, 328 U.S. 750, 754-55 (1946) (reversing a conviction where one conspiracy only was charged but at least eight conspiracies were demonstrated at trial and the conspirators were, except for one, different persons who did not know or have anything to do with one another). U.S. v. Chandler, 388 F.3d 796, 798 (11th Cir. 2004); see also United States v. Richardson, 532 F.3d 1279, 1284 (11th Cir. 2008); United States v. Franco-Santiago, 681 F.3d 1 (1st Cir. 2012); United States. v. Della Santos, 649 F.3d 109, 117 (1st Cir. 2011). 83 United States v. Camiel, 689 F.2d 31, 35-36 (3rd Cir. 1982). 84 United States v. Flood, 965 F.2d 505, 508-09 (7th Cir. 1992); United States v. Jackson, 696 F.2d 572, 584 (9th Cir. 1982).*

*THEORY OF DEFENSE INSTRUCTION NO. 3*

*Clinical Judgments of Medical Professionals*

*A properly formed and sincerely held clinical judgment is not untrue even if a different physician later contends that the judgment is wrong.*

*A laboratory may rely on the ordering physician's determination of medical necessity. Even though the Medicare statute requires the laboratory to certify the medical necessity of any test for which it makes a claim for payment, the laboratory is not required to make an independent determination of medical necessity, but rather may rely on the ordering physician's determination.*

<u>**ANNOTATIONS AND COMMENTS**</u>

*United States v. AseraCare, Inc., 938 F.3d 1278, 1297 (11th Cir. 2019); United States ex rel. Riedel v. Bos. Heart Diagnostics Corp., 332 F. Supp. 3d 48, 56–57 (D.D.C. 2018); United States ex rel. Groat v. Bos. Heart Diagnostics Corp., 296 F. Supp. 3d 155, 158 (D.D.C. 2017).*

### THEORY OF DEFENSE INSTRUCTION NO. 4

#### Treating Physician

*Diagnostic tests must be ordered by the physician who is treating the beneficiary, that is, the physician who furnishes a consultation or treats a beneficiary for a specific medical problem and who uses the results in the management of the beneficiary's specific medical problem. There is no legal requirement that the physician have a "prior relationship" with the patient, so long as they meet the definition I just read you.*

*Nonphysician practitioners (that is, clinical nurse specialists, clinical psychologists, clinical social workers, nurse-midwives, nurse practitioners, and physician assistants) who furnish services that would be physician services if furnished by a physician, and who are operating within the scope of their authority under State law and within the scope of their Medicare statutory benefit, may be treated the same as physicians treating beneficiaries.*

#### ANNOTATIONS AND COMMENTS

*42 U.S.C. § 1395x (r); 42 U.S.C. § 1395x (s)(2)(K); 42 CFR § 410.32(a)(2).*

### THEORY INSTRUCTION NO. 5

**Referring Patients between Healthcare Professionals**

*Referring patients between healthcare professionals, by itself, is not illegal. Such referrals are a common and useful practice in the healthcare industry. Absent some illegal exchange or agreement for illegal remuneration, referrals alone are not improper. Referrals across healthcare facilities do not alone violate the federal Anti-Kickback Statute.*

**<u>ANNOTATIONS AND COMMENTS</u>**

*See United States v. Esformes, 16-cr-20549-Scola, at DE#1216:16.*