**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cr-80022-CANNON/REINHART**

**UNITED STATES OF AMERICA**

**v.**

**DANIEL M. CARVER,**

**Defendant.**
_________________________________/

# GOVERNMENT'S SENTENCING MEMORANDUM

## I. INTRODUCTION

Defendant Daniel M. Carver was the leader and organizer of a $67 million scheme to defraud the Medicare program. He operated a call center network that made hundreds of thousands of deceptive calls to Medicare beneficiaries in order to trick them into consenting to receive unnecessary genetic tests or durable medical equipment. He created shell laboratories and sham companies, lied to Medicare, concealed his involvement in the scheme, recruited co-conspirators, and earned over $8 million in approximately 18 months. The defendant also bought and sold doctors' orders in exchange for kickbacks, instructed employees to forge doctors' orders and alter medical records, laundered funds, and even delivered approximately $1 million in cash by private jet to one of his co-conspirators. Although he has pled guilty, accepted responsibility, and is cooperating with the government, in order to provide just punishment, promote respect for the law, provide for general and specific deterrence, and avoid unwarranted sentencing disparities, this Court should sentence the defendant to a sentence within the applicable Guidelines sentencing range, followed by three years of supervised release, order the defendant to pay **$53,051,391** in restitution, and enter a forfeiture money judgment of **$8,401,370**.[1]

---

[1] As the defendant's cooperation is ongoing, the government is not moving for a downward departure at this time.

## II. BACKGROUND

The Court is well acquainted with the pertinent facts of the scheme from its involvement in, among other things, extensive pre-trial litigation, two jury trials, a pre-sentence investigation, seven prior sentencing hearings, and the defendant's admission in his factual basis. [ECF Nos. 710, 874].

The defendant was charged as the lead defendant in a 10-defendant indictment. Following pre-trial litigation and change of plea hearings for some of the defendants, the Court severed the case and set two trials: (1) set for July 10, 2023 (Daniel M. Carver, Louis Carver, and Jose Goyos); and (2) set for September 25, 2023 (Thomas Dougherty and John Paul Gosney Jr.).

On July 14, 2023, on the fifth day of the defendant's trial, he pled guilty to one count of conspiracy to commit wire fraud and health care fraud, in violation of Title 18, United States Code, Section 1349 (20-year maximum sentence) and one count of conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371 (5-year maximum sentence). That same day, his brother and co-defendant, Louis Carver, pled guilty to one count of conspiracy to commit health care fraud. The Court declared a mistrial as to Mr. Goyos and re-joined him with Thomas Dougherty and John Paul Gosney Jr. in the second trial.

Subsequently, the Court has sentenced seven of the ten defendants, as set forth in the below table.[2]

| **Defendant** | **Sentence** | **Factors** |
|---|---|---|
| Dougherty, Thomas | 168 mos. | Cooperation not complete, no reduction applied at sentencing |
| Gosney, John Paul | 95 mos. | §5K1.1 reduction applied (40%)<br>(158 months)[3] |

[2] All of these defendants pled guilty.

[3] For the defendant (like Mr. Dougherty), the government is not seeking a departure for substantial assistance at the time of sentencing. As the other six defendants who have been sentenced received such a departure, the government included in the table a parenthetical of what the underlying sentence would have been without a cooperation credit.

| | | |
|---|---|---|
| Rozenberg, Michael | 48 mos. | §5K1.1 reduction applied (25%)<br>(64 months) |
| Macier, Ethan | 45 mos. | §5K1.1 reduction applied (50%)<br>(90 months) |
| Carver, Louis | 32 mos. | §5K1.1 reduction applied (30%)<br>(45 months) |
| Cigarroa, Ashley | 30 mos. | §5K1.1 reduction applied (40%)<br>(50 months) |
| Richardson, Timothy | 24 mos. | §5K1.1 reduction applied (45%)<br>(44 months) |

## III. ARGUMENT

### a. Sentencing Guideline Calculation

The parties agree that the Court should calculate Defendant's Guidelines as follows:

| | |
|---|---|
| Base Offense level (§2X1.1; §2B1.1(a)(1)) | 7 |
| Loss Amount (§2B1.1(b)(1)(M)) -<br>more than $65 million and less than $125 million | +24 |
| Federal Health Care Offense (§2B1.1(b)(7)(iii)) more than $20m | +4 |
| Sophisticated Means (§2B1.1.(b)(10(C)) | +2 |
| Role Enhancement (§3B1.1(a) | +4 |
| Acceptance of Responsibility | -3[4] |
| **TOTAL** | **38** |

The PSR calculates the defendant's criminal history as a category III, which, for an offense level 38, yields a Guidelines sentencing range of between 292–365 months. The defendant objects to the PSR's criminal history computation and advocates for a calculation resulting in a criminal history category II [ECF NO. 884 at 2–4], which yields a Guidelines sentencing range of 262–327 months.

This is added to assist the Court in conducting an accurate comparison of the co-defendant's sentences in order to issue a fair and just sentence in parity with these related sentencing results.

[4] This calculation includes an additional reduction for acceptance of responsibility, pursuant to Section 3E1.1(b) of the United States Sentencing Guidelines.

**b. Sentencing Recommendation**

For the reasons set forth below as well as those presented at the upcoming sentencing hearing, the government recommends a Guidelines sentence, followed by three years of supervised release, and a restitution order in the amount of $53,051,391, and enter a forfeiture money judgment of $8,401,370. Such a sentence would be "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

***Nature and Circumstances of the Offense***. This was a fraud scheme that resulted in over $50 million in actual loss to the Medicare program and the defendant was the mastermind of the scheme. The defendant, with others, created three shell laboratories used solely to submit fraudulent claims to Medicare. He lied to Medicare on enrollment applications to conceal his involvement and the involvement of his co-conspirators. He oversaw the forging of doctors' signatures and altering of medical records, and then bought and sold these fraudulent orders for money. In only 18 months he profited over $8 million. As a result, this is a serious crime, and a sentence carrying a substantial term of imprisonment is appropriate.

***Punishment, Promote Respect for the Law, and Afford Adequate Deterrence.*** Unfortunately, the defendant was not (and is not) the only one using call centers and shell billing companies to prey on Medicare beneficiaries and the Medicare program. These schemes are rampant in the Southern District of Florida. A significant sentence is warranted in order to deter others from engaging in the same conduct. And this is especially important with regard to this case, which involves obtaining fraudulent orders through the "doctor chase" process. Over the past few years, the government has extensively prosecuted telemedicine schemes and has observed a shift toward "doctor chase" schemes and away from telemedicine schemes in apparent response to the government's enforcement actions. Indeed, the defendant admitted that he adjusted his

scheme (from telemedicine to doctor chase) in order to avoid detection and to make his operation appear more legitimate.

As evidenced in this Court's other sentencings, significant periods of incarceration have been imposed to reflect the magnitude of the fraud in this case. The conspirators stole tens of millions of dollars from Medicare, which as this Court has previously noted is a public health benefit program under strain. A Guidelines sentence in this case is necessary to promote general deterrence and provide just and fair punishment.

***Avoidance of Unwarranted Sentencing Disparity***. The defendant is the most culpable individual within the scheme and as a result should receive the most significant sentence. Indeed, he is more culpable than his business partner and co-defendant, Thomas Dougherty. This Court sentenced Mr. Dougherty to a 168-month term of imprisonment. The defendant is deserving of a harsher sentence for a number of reasons, including:

i. He was the leader and organizer of the scheme (and agreed to a 4-point role enhancement, while Mr. Dougherty received a 3-point enhancement);

ii. In most aspects of the scheme, he made the ultimate decision, determined how to divvy up the fraud proceeds, and remained in the scheme until the end;

iii. He recruited most of the other co-conspirators into the scheme (such as Galina and Michael Rozenberg, Louis Carver, Timothy Richardson, Ethan Macier, Ashley Cigarroa, and Jose Goyos); and

iv. He orchestrated the check cashing scheme necessary for him to deliver, via private jet, over $1 million in kickback payments to another co-conspirator.

***The Need for Specific Deterrence.*** The defendant has prior felony convictions and a long history of working in call centers. In fact, during the scheme, he lied to Medicare to hide that he and other felons actually owned and managed the enrolled laboratories. A significant sentence is necessary to specifically deter the defendant from committing similar conduct in the future.

## IV. CONCLUSION

For all the reasons set forth above and the reasons the government will articulate at the upcoming sentencing hearing, the Court should impose a Guidelines sentence, followed by three years of supervised release, order the defendant to pay $53,051,391 in restitution to the Centers for Medicare and Medicaid Services, and enter a forfeiture money judgment of $8,401,370.

Date: February 14, 2024

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

GLENN S. LEON, CHIEF
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

By: /s/ *Patrick J. Queenan*

Patrick J. Queenan
FL Special Bar No. A5502715
Reginald Cuyler Jr.
FL Bar No. 0114062
Andrew Tamayo
FL Special Bar No. A5502970
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 875-0326
patrick.queenan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on February 14, 2024, I served and filed the forgoing document with the Clerk of the Court via ECF.

By: /s/ *Patrick J. Queenan*
Patrick J. Queenan